```
        IN THE DISTRICT COURT OF THE UNITED STATES
           FOR THE MIDDLE DISTRICT OF ALABAMA
                    NORTHERN DIVISION
```

| | |
|---|---|
| DAVID SCOTT GAFFORD, #203620,   ) | |
| ) | |
| Plaintiff,   ) | |
| ) | |
| v.   ) | CASE NO. 2:15-CV-581-WKW |
| ) | (WO) |
| ) | |
| COMMISSIONER J. DUNN,   ) | |
| ) | |
| Defendant.   ) | |

# RECOMMENDATION OF THE MAGISTRATE JUDGE

## I. INTRODUCTION

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by David Scott Gafford ("Gafford"), a state inmate, currently incarcerated at the Limestone Correctional Facility ("Limestone"). Prior to his transfer to the custody of the Alabama Department of Corrections, Gafford committed an assault while incarcerated in a county jail which resulted in a conviction and sentence for assault. *Compl. - Doc. No. 1* at 2. In the complaint, Gafford challenges the constitutionality of his assignment to close custody. Specifically, Gafford alleges that "[b]eing placed in close custody status for county jail assault is to[o] harsh. My punishment [for the assault] was sentenced me to prison." *Id*. Gafford names Jefferson Dunn, the Commissioner of the Alabama Department of Corrections, as the sole defendant in this case. Gafford seeks removal from close custody. *Id*. at 4.

Upon review of the complaint, the court concludes that this case is due to be dismissed upon application of 28 U.S.C. § 1915(e)(2)(B)(ii).[1]

## II.  DISCUSSION

### A.  Close Custody Classification

Gafford is currently incarcerated for convictions imposed upon him by the Circuit Court of Butler County, Alabama in 2014.  *See* http://www.doc.state.al.us. Gafford acknowledges that he committed an assault during a previous term of confinement at the Butler County Jail.  *Compl. - Doc No. 1* at 2; *Gafford v. Dunn, et al*., 2:15-CV-524-WKW-WC (M.D. Ala. 2015).  Gafford asserts that his assignment to close custody based on the assault he committed while in the Butler County Jail is improper and unduly harsh.

1. <u>Due Process</u>. The law is well settled that an inmate confined in the Alabama prison system has no constitutionally protected interest in the procedure affecting his classification level because the resulting restraint, without more, does not impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995); *Francis v. Fox*, 838 F.2d 1147 (11th Cir. 1988); *Jones v. Diamond,* 594 F.2d 997 (5th Cir. 1979).  Because inmates have no constitutionally protected interest in the level of their custody classification, correctional

---

[1] The court granted Gafford leave to proceed *in forma pauperis*. *Order of August 12, 2015 - Doc. No. 3*. This court must therefore screen the complaint under 28 U.S.C. § 1915(e)(2)(B) which requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

officials may assign Gafford to any classification level without implicating the protections of due process. *See Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976).

Insofar as Gafford challenges the use of his assault offense by correctional personnel as a basis for placing him in close custody, this claim likewise entitles him to no relief. Although state officials may not deny or restrict access to less restrictive custody classifications for arbitrary or capricious reasons, *Hendking v. Smith*, 781 F.2d 850, 852 (11th Cir. 1986), their consideration of an inmate's criminal conviction(s), including the details thereof, in determining the inmate's custody classification does not implicate the Constitution, as such action is rationally related to the legitimate state interest of ensuring that only those inmates best suited for lower custody classifications are so placed. *Cf. Conlogue v. Shinbaum*, 949 F.2d 378 (11th Cir. 1991); *see also Thornton v. Hunt*, 852 F.2d 526 (11th Cir. 1988) (holding that the denial of eligibility for incentive time benefits to inmate who received sentences of over 10 years "is rationally related to the legitimate purpose of preventing the early release of serious offenders [and] does not violate the equal protection clause or due process clause"). Reliance by classification personnel on an assault committed by Gafford during his confinement in a county jail to classify him as close custody and deny him a lower security and/or custody level does not violate the Constitution, as this is information which may legitimately be used to determine the security and classification status of prisoners. *Hendking*, 781 F.2d at 852. Thus, the action

about which Gafford complains was "not arbitrary and capricious." *Id*.

    2. <u>Severity of Close Custody Classification</u>. Gafford complains that his assignment to close custody, a highly restrictive classification level, puts him at too harsh a custody level. *Compl. - Doc. No. 1* at 2. The court construes this assertion as an alleged violation of Gafford's rights under the Eighth Amendment.

The Constitution proscribes the wanton and unnecessary infliction of pain. *Rhodes v. Chapman*, 452 U.S. 337 (1981). Only actions which deny inmates "the minimal civilized measure of life's necessities," are grave enough to establish constitutional violations. *Id.* at 347. The challenged action must be "extreme" and must pose "an unreasonable risk of serious damage to [Plaintiff's] future health or safety." *Chandler v. Crosby*, 379 F.3d 1278, 1289 (11th Cir. 2004) (internal quotations and citations omitted). Here, the mere assignment of Gafford to close custody does not amount to a violation of the Eighth Amendment.

In light of the foregoing, the due process and Eighth Amendment challenges are due to be summarily dismissed pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii).

### B. Double Jeopardy

Gafford asserts that his placement in close custody based on an assault committed at the Butler County Jail is unwarranted as he previously received "punishment" for the assault when he "was sentenced ... to prison." *Compl. - Doc. No. 1* at 2. To the extent that

this portion of the complaint can be construed to allege a violation of Gafford's right against double jeopardy, this court previously addressed this issue adversely to Gafford on the merits in *Gafford v. Dunn, et al.*, 2:15-CV-524-WKW-WC (M.D. Ala. 2015). *Adams v. California,* 487 F.3d 684, 688, 692–94 (9th Cir.2007) ("Dismissal of the duplicative lawsuit ... promotes judicial economy and the comprehensive disposition of litigation."); *Cato v. United States,* 70 F.3d 1103, 1105 n. 2 (9th Cir.1995) (*in forma pauperis* complaint which merely repeats pending or previously litigated claims may be considered abusive and dismissed under § 1915); *McWilliams v. State of Colorado,* 121 F.3d 573, 574 (10th Cir.1997) (indigent inmate's complaint which presents duplicative claim against defendant "appropriately dismissed as frivolous under § 1915(e)."); *Bailey v. Johnson,* 846 F.2d 1019, 1021 (5th Cir.1988) (duplicative complaint subject to dismissal as frivolous or malicious).

In the previous civil action, this court addressed Gafford's double jeopardy claim as follows:

> The Supreme Court has consistently held that "the Double Jeopardy Clause provides three related protections: 'It protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense.'" *United States v. Wilson,* 420 U.S. 332, 343 (1975) (internal citation omitted).
>> The Double Jeopardy Clause provides that no "person [shall] be subject for the same offence to be twice put in jeopardy of life or limb." We have long recognized that the Double Jeopardy Clause does not prohibit the imposition of all

> additional sanctions that could, "'in common parlance,'" be described as punishment. *United States ex rel. Marcus v. Hess,* 317 U.S. 537, 549, 63 S.Ct. 379, 387, 87 L.Ed. 443 (1943) (quoting *Moore v. Illinois,* 14 How. 13, 19, 14 L.Ed. 306 (1852)). The Clause protects only against the imposition of multiple ***criminal*** punishments for the same offense, *Helvering v. Mitchell,* 303 U.S. 391, 399, 58 S.Ct. 630, 633, 82 L.Ed. 917 (1938); *see also Hess, supra,* at 548-549, 63 S.Ct., at 386-387 ("Only" "criminal punishment" "subject[s] the defendant to 'jeopardy' within the constitutional meaning"); *Breed v. Jones,* 421 U.S. 519, 528, 95 S.Ct. 1779, 1785, 44 L.Ed.2d 346 (1975) ("In the constitutional sense, jeopardy describes the risk that is traditionally associated with a criminal prosecution"), and then only when such occurs in successive [criminal] proceedings, *see Missouri v. Hunter,* 459 U.S. 359, 366, 103 S.Ct. 673, 678, 74 L.Ed.2d 535 (1983).

*Hudson v. United States*, 522 U.S. 93, 98-99, 118 S.Ct. 488, 493 (1997) (emphasis in original). The Double Jeopardy Clause does not apply to proceedings that are not "essentially criminal." *Breed*, 421 U.S. at 528. It is clear that prison classification proceedings are not part of a criminal prosecution. *See United States v. Mayes*, 158 F.3d 1215, 1224 (11th Cir. 1998); *cf. Wolff v. McDonnell*, 418 U.S. 539, 556, 94 S.Ct. 2963 (1974).

In a double jeopardy challenge by federal prisoners to criminal charges based on the same offense conduct underlying prison disciplinary sanctions, including placement in maximum security prisons and confinement in disciplinary segregation, the Eleventh Circuit determined that "[p]rison officials have no authority to alter the inmates' original criminal sentences. They merely implement disciplinary proceedings that may, at most, change the conditions of the inmates' confinement for purposes of maintaining institutional order and encouraging compliance with prison rules." *Mayes*, 158 F.3d at 1224. Based on this determination, the Court refused to declare the administrative actions of prison officials in imposing sanctions on the inmates "criminal" and rejected the prisoners' double jeopardy challenges to their subsequent criminal prosecutions. *Id*. It is therefore clear that the assignment of Gafford to close custody and the attendant confinement in lock-up for security purposes is not "punishment" for double jeopardy purposes. *Hudson*, 522 U.S. at 98-99, 118 S.Ct. at 493 (1997) (The Double Jeopardy Clause does not prohibit additional sanctions

6

merely because the sanctions could be commonly described as punishment.); *Taylor v. Gomez*, 182 F.3d 927 (9th Cir. 1999) (Inmate's double jeopardy claim "lack[ed] merit [because] district court correctly reasoned that [his] custody classification is not punishment, but rather a method of housing inmates based on their behavior."); *Welch v. Epps*, 103 Fed. App'x 828 (5th Cir. 2004) (mere change in custodial status does not qualify as a second "punishment" for double jeopardy purposes); *Butler v. McDonough*, 2007 WL 2071530, *8 (M.D. Fla. 2007) (The protections of the Double Jeopardy Clause "apply to criminal trials, not ... subsequent inmate classifications utilized by jail officials to maintain safety and security."). Consequently, Gafford has failed to state a plausible claim with respect to a violation of the Fifth Amendment's protection against double jeopardy and this claim is subject to summary dismissal in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(ii).

*Gafford v. Dunn, et al.*, 2:15-CV-524-WKW-WC (M.D. Ala. 2015) – *Recommendation of the Magistrate Judge - Doc. No. 4* at 2-4, adopted as opinion of the court, *Order of August 18, 2015 - Doc. No. 7*, final judgment entered October 18, 2015, *Doc. No. 8*. Any claim presented by Gafford in the instant cause of action which invokes his right against double jeopardy is duplicative of the claim raised and addressed adversely to him in his previous civil action. Consequently, this claim is subject to dismissal as malicious pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i). *Cato*, 70 F.3d at 1105; *Bailey*, 846 F.2d at 1021.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed with prejudice prior to service of process in accordance with 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

It is further

ORDERED that on or before November 30, 2015 the parties may file objections to the Recommendation. Any objections filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which the plaintiff objects. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, this 16th day of November, 2015.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE